UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) PLAINTIFFS' HOFFMAN-LA ROCHE MOTION FOR "CONDITIONAL CERTIFICATION" OF COLLECTIVE ACTION; ISSUANCE OF CLASS NOTICE; AND EQUITABLE TOLLING OF LIMITATIONS** (filed 02/20/09)

## I.  INTRODUCTION

On June 30, 2008, plaintiff Arthur Ellerd filed the instant "collective action" against defendant the County of Los Angeles ("the County") for "overtime compensation and other relief" pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-209 ("FLSA").

On February 9, 2009, pursuant to a stipulation by the parties, plaintiffs Arthur Ellerd and Jose J. Troconis filed a first amended complaint ("FAC") against defendant alleging that defendant failed to pay plaintiffs, and other similarly situated employees, overtime wages in violation of the FLSA.

On February 20, 2009, plaintiffs filed the instant "Hoffman-La Roche Motion for 'conditional certification' of collective action; issuance of class notice; and equitable tolling of limitations."[1] On March 19, 2009, defendant filed its opposition. On March 30, 2009, plaintiffs filed their reply. A hearing was held on April 6, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.

---

[1] Plaintiff seeks to incorporate by reference the legal arguments of the plaintiff in Marie J. Ali v. County of Los Angeles, Case No. CV 08-7627, who also has a "Hoffman-La Roche motion" currently pending before this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

## II. BACKGROUND

Plaintiffs Ellerd and Troconis allege that they were employed by defendant as an Adult Protective Services Social Worker ("social worker") and an Adult Protective Services Social Worker Supervisor ("supervisor"), respectively. Plaintiffs allege that they, and other similarly situated employees, "were not regularly paid time and one-half of their rate of pay for all hours worked in excess of forty (40) hours per week during one or more work weeks." Compl. ¶ 8.

Plaintiffs assert that defendant's policies, procedures, and practices concerning overtime compensation are the same for all social workers. Plaintiffs further assert that defendant employs social workers in seventeen offices, and that at any given time, defendant employs "well over" 150 social workers. Plaintiffs assert that social workers are compensated on an hourly basis and are instructed by their supervisors not to report overtime hours on their regular time sheets unless (1) they worked four hours or less on a case that was over 30 days old and (2) received prior approval. Mot. at 4 (citing Ellerd Decl. ¶ 9; Troconis Decl. ¶ 6). Plaintiffs Ellerd and Troconis assert that they worked, on average, eight and ten hours of overtime per week, respectively. Plaintiffs further assert that they were not paid for this overtime because they followed defendant's instructions and did not record their overtime hours.

Plaintiffs assert that other social workers worked unrecorded overtime hours as well. Mot. at 5 (citing Ellerd Decl. ¶ 11; Troconis Decl. ¶ 8). Ellerd asserts that he "knows his fellow APSSWs worked unrecorded overtime hours, because he talked to his colleagues about their caseloads and their inability to manage the caseload within a forty hour work week." Id. (citing Ellerd Decl. ¶ 12). Troconis similarly asserts that "the APSSWs worked unrecorded overtime hours because he saw the hours they worked in his office, he reviewed their caseloads and he talked with the APSSWs about their inability to manage the assigned case files within a forty-hour work week." Id. (citing Troconis Decl. ¶ 8).

Defendant asserts that its policies unambiguously prohibit "off the clock" work and mandate that social workers be paid for all compensable time. Opp'n at 4. Defendant acknowledges that it requires its workers to obtain pre-approval for overtime by filling

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

out a form (1) indicating the name of the case for which overtime is requested; (2) describing the tasks that will be completed; (3) indicating where the overtime work will be performed; and (4) estimating how many overtime hours will be needed to complete the task(s). Id. at 4-5. Defendant asserts that these forms are submitted to the worker's immediate supervisor and are forwarded to the Program Manager, who approves or denies the overtime requests within 24 hours of submission. Id. at 5. Defendant further asserts that overtime requests are "almost always" approved when they pertain to a case that has been open for 30 days or more, "may" be approved for cases open for less than 30 days when the worker conveys a sufficient justification, and are "always" approved in emergency situations. Id. at 5. Defendant asserts that it "consistently" reminds its workers and supervisors that overtime is available and that "off the clock" work is prohibited. Id. Defendant asserts that it encourages its supervisors to offer overtime hours to their social workers. Id.

Defendant further asserts that even when its workers are unable to obtain pre-approval for working overtime, its policies require that those workers receive overtime compensation. Opp'n at 6. In these circumstances, defendant contends, a worker needs to fill out an overtime request form at the earliest possible opportunity and explain why pre-approval could not be obtained and his/her request "will be approved." Id.

Plaintiffs seek "conditional certification" of this action as a "collective action" pursuant to 29 U.S.C. § 216(b) with the class defined as follows

> ALL PERSONS WHO HAVE BEEN EMPLOYED AS AN ADULT PROTECTIVE SERVICES SOCIAL WORKER (trainee, CSW I, CSW 11, and/or CSW 111) AT THE LOS ANGELES COUNTY DEPARTMENT OF ADULT PROTECTIVE SERVICES AT ANY TIME FROM JUNE 30, 2005 TO THE PRESENT

Mot. at 1.

### III. LEGAL STANDARD

    A.    **The Fair Labor Standards Act**

Congress enacted the FLSA in 1938 to establish nationwide minimum wage and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

maximum hours standards. Moreau v. Klevenhagen, 508 U.S. 22, 25 (1993). Section 7 of the FLSA encourages compliance with maximum hours standards by providing that employees generally must be paid on a time-and-one-half basis for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a). However, under the Fair Labor Standards Amendments of 1985, public employers may compensate employees who work overtime with extra time off instead of overtime pay in certain circumstances. Moreau, 508 U.S. at 24.

    **B.    Collective Actions**

A "collective action" differs from a class action. McElmurry v. U.S. Bank Nat'l Ass'n, 495 F.3d 1136, 1139 (9th Cir. 2007). "In a class action, once the district court certifies a class under Rule 23, all class members are bound by the judgment unless they opt out of the suit. By contrast, in a collective action each plaintiff must opt into the suit by 'giv[ing] his consent in writing.'" Id. (citing 29 U.S.C. § 216(b)). As result, "unlike a class action, only those plaintiffs who expressly join the collective action are bound by its results." Id. (citing 29 U.S.C. § 256). Section 216(b) does not require district courts to approve or authorize notice to potential plaintiffs, but it is "within the discretion of a district court" to authorize such notice. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 173 (1989).

The majority of courts follow a two-step approach for determining whether certification of a § 216(b) collective action is appropriate. E.g., Leuthold v. Destination America, Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004); Edwards v. City of Long Beach, 467 F. Supp. 2d 986, 990 (C.D. Cal. 2006). Under the two-step approach, the court must first decide, "based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action." Leuthold, 224 F.R.D. at 467. Plaintiff bears the burden of showing that "the proposed lead plaintiffs and the proposed collective action group are 'similarly situated' for purposes of § 216(b)." Id. at 466. This determination is usually made "under a fairly lenient standard and typically results in conditional class certification." Id. at 467. "Plaintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that his position was or is similar to those of the absent class members. However, unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." Edwards, 467 F. Supp. 2d at 990 (internal citations omitted). The second step occurs once discovery is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

complete and the case is ready for trial.[2]  Id.
## IV. DISCUSSION

    Plaintiffs argue that the Court should certify this action as a collective action because they are "similarly situated to the persons to whom the notice is sought to be issued."  Mot. at 10-11 (citing Edwards v. City of Long Beach, 467 F. Supp. 2d 986, 991 (C.D. Cal. 2006)).  Plaintiffs contend that defendant's policies, procedures, and practices concerning overtime compensation are the same for all Adult Protective Services Social Workers.  Id. at 11.  Plaintiffs further contend that the Court should direct that notice be provided to all potential class members by mail and workplace posting.  Id.

    Plaintiffs further argue that their counsel would adequately represent the "members of the proposed plaintiff class."  Mot. at 6.  Plaintiffs argue that their counsel has fifteen years of experience practicing law and that she has acted as counsel in "a number of multi-million dollar disputes" and "at least three prior class action litigation matters."  Id.

    Defendant responds that plaintiffs have failed to establish, by a preponderance of the evidence, that defendant "suffered and permitted" them to work "off the clock."[3]  Opp'n at 11 (citing Darrikhuma v. Southland Corp., 975 F. Supp. 778, 783 (D. Md. 1997)).  Defendant further argues that "off the clock" work claims are "inherently individualized."  Id.  Defendant contends that plaintiffs will need to establish that (1) each of the 230 to 240 social workers performed work that they chose not to record on their timesheets; (2) each individual supervisor had actual or constructive knowledge of

---

[2] "At that time, the party opposing § 216(b) collective action treatment may move to decertify the class.  Whether to decertify is a factual determination, made by the court, based on the following factors: '(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations.'"  Edwards, 467 F. Supp. 2d at 990 n. 1.

[3] Defendant further responds that plaintiffs' motion is devoid of any legal authority and improperly seeks to incorporate by reference the legal arguments contained in a conditional certification brief filed in Marie J. Ali v. County of Los Angeles, CV 08-7627 CAS (FFMx), which involves different facts and different parties.  Opp'n at 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

the performance of this work; and (3) the uncompensated overtime resulted from a common policy affecting all of the putative class members. Id. at 11. Defendant argues that these individualized inquiries should preclude certification of a collective action. Id. at 12 (citing England v. New Centruy Fin. Corp., 370 F. Supp. 2d 504, 509 (M.D. La. 2005); Horne v. United Services Automobile Ass'n, 279 F. Supp. 2d 1231, 1233 (M.D. Ala. 2003)).

Defendant further responds that plaintiffs cannot establish that the department had a common policy or practice that resulted in class-wide "off the clock" work. Opp'n at 15. Defendant contends that plaintiffs' declarations constitute their beliefs regarding their personal, individualized overtime practices.[4] Id. Defendant argues that plaintiffs have not alleged that they were ever asked to work overtime or that every member of the putative class was subjected to any practice or policy. Id. at 17. Defendant further argues that it has provided declarations of supervisors and social workers demonstrating "at the very least, not every social worker agrees with Ellerd and not every supervisor agrees with Troconis." Id. (citing Anyawoke Decl. ¶ 11; McGee Decl. ¶ 11).

Moreover, defendant argues that plaintiffs' allegations of "off the clock" work arise under "unique and individualized circumstances." Opp'n at 8. Defendant argues that Ellerd's allegations that, per his supervisor's instructions, he did not record his overtime hours for cases that were less than 30 days old are particular to him. Id. Defendant further argues that Troconis' allegations are distinct because he allegedly was not compensated for overtime hours worked in his role as supervisor. Id. Additionally, defendant argues that "the Court can only adjudicate this matter by examining worker-by-worker" (1) whether an employee spent time working that was not recorded on his/her time card; (2) why the employee worked and did not record his/her hours; (3) whether the employee's supervisor had actual or constructive knowledge of the employee's "off the clock" work; and (4) whether the employee worked less time than recorded during the remainder of the week such that the total time worked was less than 40 hours. Id. at 21.

---

[4] Defendant contends that Troconis "speculates" that defendant must have known that his duties as a supervisor could not be completed within a forty-hour work week and Ellerd "declares" that his supervisors must have known he was working "off the clock" because they worked in the same office with him. Id. at 19 (citing Troconis Decl. ¶ 9; Ellerd Decl. ¶ 12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

     Additionally, defendant argues that plaintiff's counsel has "conflicts that permeate this case." Opp'n at 22. Defendant contends that the proposed class includes both the social workers and the supervisors whose duties include monitoring and approving their hours. Id. Defendant argues that plaintiffs' theories pit the social workers against their supervisors and that plaintiffs would be required to subordinate the interests of some class members to others in order to prevail. Id. Defendant contends that in order to demonstrate that the social workers are entitled to overtime compensation for hours worked "off the clock," plaintiffs must demonstrate that the supervisors violated the law and defendant's policies, exposing them to discipline and possible termination. Id. at 22-23.

     Plaintiffs respond that neither plaintiffs nor their co-workers have ever been provided with defendant's overtime policy. Reply at 5. Plaintiffs argue that although defendant admits that there are 230-240 putative class members, defendant was only able to proffer five witnesses to support their position. Id. at 7. Plaintiffs further argue that defendant "has taken full advantage of its exclusive knowledge of and effective control over potential witnesses to prevent the plaintiffs from obtaining any meaningful discovery." Id. Plaintiffs contend that on or about November 7, 2008, they served special interrogatories and a request for production of documents on defendant seeking disclosure of the names and contact information of potential class members. Id. Plaintiffs argue that defendant did not provide any information and instead raised privacy objections to the disclosure of this information. Id. Plaintiffs further argue that since they filed the instant motion, another potential class member has come forward with similar claims. Reply at 8 (citing Le Decl. ¶ 3).

     The Court concludes that conditional certification of a collective action is not appropriate due to the conflict between the plaintiff social workers and their supervisors. In order to prove their claims, the social workers will have to show that their supervisors violated federal law and defendant's official policies by telling the social workers not to record their overtime. Given this inherent conflict, the Court cannot conclude that plaintiffs' counsel can adequately represent both the social workers and the supervisors.[5] Hoffman, 982 F. Supp. at 263 ("given that individuals who 'opt-in' to this proceeding

---

[5] The Court denies plaintiffs' motion without prejudice to plaintiffs bringing a motion to certify a class of supervisors or social workers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

will most likely be represented by the named-plaintiff's counsel, the [c]ourt has an equitable interest in ensuring that they are adequately represented"); White v. Osmose, Inc., 204 F. Supp. 2d 1309, 1315 (M.D. Ala. 2002) ("Because the court finds that the job duties of foremen and crewmen are dissimilar, and that there is inherent conflict between the two groups, the court concludes that crewmen should be excluded from a conditionally certified class.")

Given the Court's conclusion that conditional certification is inappropriate, the Court denies plaintiffs' motion for issuance of class notice and equitable tolling.

**V.      CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES plaintiffs' "Hoffman-La Roche Motion for 'conditional certification' of collective action; issuance of class notice; and equitable tolling of limitations" without prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |