UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | October 22, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers:)  DEFENDANT'S MOTION AND REQUEST FOR CERTIFICATION OF THE COURT'S 8/10/09 ORDER PURSUANT TO 28 USC § 1292(b)** (filed 10/2/09)

The Court finds this motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing date of October 26, 2009, is hereby vacated and the matter is hereby taken under submission.

I.   **INTRODUCTION**

On June 30, 2008, plaintiff Arthur Ellerd filed the instant "collective action" against defendant the County of Los Angeles ("the County") for "overtime compensation and other relief" pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-209 ("FLSA").

On February 9, 2009, pursuant to a stipulation by the parties, plaintiffs Arthur Ellerd and Jose J. Troconis filed a first amended complaint ("FAC") against defendant alleging that defendant failed to pay plaintiffs, and other similarly situated employees, overtime wages in violation of the FLSA.

On April 9, 2009, this Court denied plaintiffs' "Hoffman-La Roche Motion for 'conditional certification' of collective action; issuance of class notice; and equitable tolling of limitations" without prejudice.[1]

---

[1] The Court denied plaintiffs' motion "due to the conflict between the plaintiff social workers and their supervisors."  April 9, 2009 Order at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | October 22, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

On August 10, 2009, the Court granted plaintiff Arthur Ellerd's "Hoffman-La Roche Motion for 'conditional certification' of a collective action, issuance of class notice, and equitable tolling of limitations."  The Court ordered notice to be issued both by mail and by workplace posting to the class, defined as follows:

> ALL PERSONS WHO HAVE BEEN EMPLOYED AS AN ADULT PROTECTIVE SERVICES SOCIAL WORKER AT THE LOS ANGELES COUNTY DEPARTMENT OF ADULT PROTECTIVE SERVICES AT ANY TIME FROM JUNE 20, 2005, TO THE PRESENT.

On October 2, 2009, defendant filed the instant motion for interlocutory appeal of the Court's conditional certification of plaintiff's class.  On October 12, 2009, plaintiff filed his opposition.  On October 19, 2009, defendant submitted its reply.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.      BACKGROUND

Plaintiff alleges that he was employed by defendant as an Adult Protective Services Social Worker ("social worker") from approximately June 30, 2005, through January 3, 2007.  Plaintiff further alleges that he, and other similarly situated employees, "were not regularly paid time and one-half of their rate of pay for all hours worked in excess of forty (40) hours per week during one or more work weeks."  FAC ¶ 8.

Plaintiff asserts that defendant's policies, procedures, and practices concerning overtime compensation are the same for all social workers.  Plaintiff further asserts that defendant employs social workers in seventeen offices, and that at any given time, defendant employs "well over" 150 social workers.  Plaintiff asserts that social workers are compensated on an hourly basis and are instructed by their supervisors not to report overtime hours on their regular time sheets unless (1) they worked four hours or less on a case that was over 30 days old and (2) received prior approval.  Pl.'s May 8, 2009 Mot. at 4 (citing Ellerd Decl. ¶ 9; Troconis Decl. ¶ 6).  Plaintiff asserts that he worked, on average, eight hours of overtime per week.  Plaintiff further asserts that he was not paid for this overtime because he followed defendant's instructions and did not record his overtime hours.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | October 22, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

Plaintiff asserts that other social workers worked unrecorded overtime hours as well.  Id. at 5 (citing Ellerd Decl. ¶ 11; Troconis Decl. ¶ 8).  Plaintiff asserts that he "knows his fellow APSSWs worked unrecorded overtime hours, because he talked to his colleagues about their caseloads and their inability to manage the caseload within a forty hour work week."  Id. (citing Ellerd Decl. ¶ 12).

Defendant asserts that its policies unambiguously prohibit "off the clock" work and mandate that social workers be paid for all compensable time.  Defs.' June 15, 2009 Opp'n at 4.  Defendant acknowledges that it requires its workers to obtain pre-approval for overtime by filling out a form (1) indicating the name of the case for which overtime is requested; (2) describing the tasks that will be completed; (3) indicating where the overtime work will be performed; and (4) estimating how many overtime hours will be needed to complete the task(s).  Id. at 4-5.  Defendant asserts that these forms are submitted to the worker's immediate supervisor and are forwarded to the Program Manager, who approves or denies the overtime requests within 24 hours of submission.  Id. at 5.  Defendant further asserts that overtime requests are "almost always" approved when they pertain to a case that has been open for 30 days or more, "may" be approved for cases open for less than 30 days when the worker conveys a sufficient justification, and are "always" approved in emergency situations.  Id. at 5.  Defendant asserts that it "consistently" reminds its workers and supervisors that overtime is available and that "off the clock" work is prohibited.  Id.  Defendant asserts that it encourages its supervisors to offer overtime hours to their social workers.  Id.

Defendant further asserts that even when its workers are unable to obtain pre-approval for working overtime, its policies require that those workers receive overtime compensation.  Id. at 6.  In these circumstances, defendant contends, a worker needs to fill out an overtime request form at the earliest possible opportunity and explain why pre-approval could not be obtained and his/her request "will be approved."  Id.

## II.   LEGAL STANDARD

Section 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals.  28 U.S.C. § 1292(b); In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982).  The district court may certify an order for interlocutory appellate review under Section 1292(b) if the following three requirements are met:  "(1) there is a controlling question

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                        O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | October 22, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." Id. at 1026; 28 U.S.C. § 1292(b). "[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.3d at 1026 (citing United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)); Fukuda v. County of Los Angeles, 630 F. Supp. 228, 299 (C.D. Ca. 1986) ("The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'") (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

## III. DISCUSSION

Defendant argues that the Court should certify for interlocutory appeal its order granting conditional certification of a collective action to plaintiffs pursuant to 29 U.S.C. § 216(b). Mot. at 5. Defendant asserts that while the key issue in plaintiff's motion for conditional certification was whether plaintiff and the proposed collective action group are "similarly situated," § 216(b) does not define "similarly situated." Id. According to defendant, the Ninth Circuit has not provided any guidance on what constitutes "similarly situated," and thus different standards have evolved over the years. Id. (citing Thiessen v. Gen. Electric Capital Corp., 267 F.3d 1095, 1102-03 (10th Cir. 2001)). Defendant contends that although several district courts have stated that plaintiffs must meet a minimum threshold in order to establish that they are similarly situated to putative class members, it is unclear what this minimum threshold is. Id. at 7. Defendant further argues that plaintiff did not meet his burden of demonstrating that he is similarly situated to the proposed class. Id. at 5-6. Instead, defendant asserts that it presented evidence establishing that the reasons plaintiff worked off the clock "were based on personal choice and disdain for the County's pre-approval process." Id. at 6.

Defendant contends that there is a conflict among district courts, in that many courts have denied conditional certification "on the basis that a plaintiff's admission of facts clearly demonstrating that his off the clock claim is not based on a widespread illegal policy is fatal to his request for conditional certification," while others have applied the relaxed standard set forth in Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004), and Edwards v. City of Long Beach, 467 F. Supp. 2d 986, 990 (C.D. Cal. 2006), to establish the propriety of conditional certification of off the clock

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | October 22, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

claims.  Id. at 7-8 (cf. Smith v. T-Mobile USA, Inc., 2007 WL 2385131 (C.D. Cal. 2007);
Castle v. Wells Fargo Fin., Inc., 2008 WL 495705 (N.D. Cal. 2008); Adams v. Intercon
Security Systems, Inc., 242 F.R.D. 530 (N.D. Cal. 2007)).  Defendant argues that in
recent years, there has been an explosion of the number of collective actions suits filed
under the FLSA, but courts have not clearly defined the qualitative or quantitative
evidentiary standards that should be applied at the conditional certification stage.  Id.
Defendant contends that even though employers are given a second opportunity to
decertify the collective action, the conditional certification stage is of grave consequence
to employers because the Court may authorize notice to potential plaintiffs, which could
severely disrupt the workplace.  Id. at 8-9 (citing Severtson v. Phillips Beverage Co., 137
F.R.D. 264, 267 (D. Minn. 1991) (stating, "[t]he courts, as well as practicing attorneys,
have a responsibility to avoid the stirring up of litigations through unwarranted
solicitation")).  Defendant further argues that if the Court does not certify this matter for
appeal, judicial resources will be expended unnecessarily, and defendant would be forced
to expend great amounts of money, time, and resources on the case.  Id. at 6-7.

Plaintiff responds that defendant has not satisfied any of the three prerequisites for
a section 1292(b) motion, and that instead, defendant is trying to obtain immediate review
of this Court's factual determinations as to whether Ellerd was similarly situated to his
fellow employees to sanction his Hoffman-LaRoche motion.   Opp'n at 3-4.  First,
plaintiff argues that the Court's conditional certification order involves questions of fact
rather than questions of law, and thus it does not raise any "substantial ground for
difference of opinion" as to a "controlling question of law."  Id. at 4.  Plaintiff asserts that
in keeping with the Congressional directive that Section 1292(b) be applied narrowly and
only in exceptional circumstances, numerous federal courts have interpreted the phrase
"question of law" to mean a pure legal issue.  Id. at 4-5 (citing Oliner v. Kontrabecki, 305
B.R. 510, 529 (N.D. Cal. 2004) ("Because the alleged 'controlling questions of law'
raised by Kontrabecki are inextricably intertwined with the bankruptcy court's factual
findings, an interlocutory appeal is not appropriate."); Ahrenholz v. Bd. of Tr., 219 F.3d
674, 676-77 (7th Cir. 2000) (holding that the questions of law certified for interlocutory
appeal "must refer to a 'pure' quesiton of law that the reviewing court 'could decide
quickly and cleanly without having to study the record."); Keystone Tobacco. Co., Inc. v.
United States Tobacco Co., 217 F.R.D. 235, 239 (D.D.C. 2003) ("Where the crux of an
issue decided by the court is fact-dependent, the court has not decided a 'controlling
question of law' justifying immediate appeal.")).  Plaintiff further argues that in order to
determine whether Ellerd and the proposed collective action group are "similarly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | October 22, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

situated" for purposes of 29 U.S.C. 216(b), the Ninth Circuit must necessarily review the facts of the case.  <u>Id.</u> at 5.  Thus, plaintiff asserts that at best, the issue which defendant presents for interlocutory appeal involves both issues of fact and law.  <u>Id.</u>

Second, plaintiff argues that the law applicable to conditional certification is sufficiently defined by courts.  <u>Id.</u> at 6.  Plaintiff argues that all of the courts within the Ninth Circuit follow a "two-step" approach, where at step one conditional certification is liberally granted, but at step two the defendant may move to decertify at the close of discovery.  <u>Id.</u> at 7.  Plaintiff asserts that a court may grant a "step one" motion for "conditional certification" where it appears that "the named plaintiff is 'similarly situated' to the persons to whom the notice is sought to be issued," and that in doing so the Court must apply a lenient standard.  <u>Id.</u> (citing <u>Leuthold</u>, 224 F.R.D. at 466 ("The decision is made under a 'fairly lenient standard' and the usual result is conditional class certification.")).  Plaintiff argues that a plaintiff is similarly situated to the absent class members if he "can show that his position was or is similar to those of the absent class members."  <u>Id.</u> at 7-8 (citing  <u>Edwards</u>, 467 F. Supp. 2d at 991).  Plaintiff contends that while defendant argues that plaintiff is not similarly situated to the potential class because he had a medical restriction that prohibited him from working overtime, in fact plaintiff was forced to work overtime because of his crushing caseload despite this medical restriction.  <u>Id.</u> at 8.  Plaintiff further asserts that defendant's argument that it has an official policy in place that requires the payment of overtime does not form the basis of a defense for defendant.  <u>Id.</u> at 6-7.  Plaintiff argues that regardless of defendant's overtime policy, because defendant knew or had reason to know its employees were working overtime for which they were not paid, defendant is in violation of the FLSA and this Court properly ordered conditional class certification.  <u>Id.</u> (citing <u>Forrester v. Roth's I.G.A. Foodliner, Inc.</u>, 646 F.2d 413 (9th Cir. 1981)).

Plaintiff further argues that in <u>Hoffman-La Roche, Inc. v. Sperling</u>, 493 U.S. 165 (1989), the Supreme Court spoke directly on the issue of conditional class certification, and that since then the Ninth Circuit expressly held that the holding in <u>Hoffman-LaRoche</u> should be applied to conditional certification cases under Section 216(b).  <u>Id.</u> at 11.  Furthermore, plaintiff argues that numerous decisions of district courts sitting within the Ninth Circuit have addressed the standards to be applied in adjudication of a <u>Hoffman-LaRoche</u> motion.  <u>Id.</u> (citing <u>Edwards</u>, 467 F. Supp. 2d at 986).

Third, plaintiff argues that in this case an immediate appeal will not materially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | October 22, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

advance the litigation, but instead will only delay trial as well as notice to the plaintiff class while defendant continues to force its employees to work overtime to manage their caseload without paying them. Id. at 9. Plaintiff asserts that because the substantial evidence supports a finding that defendant knows or should know that its employees are regularly working overtime without pay, any interlocutory appeal would only serve to delay this proceeding further. Id. at 10. Plaintiff further asserts that defendant's argument that the Court should be more concerned with the harm that might befall defendant if decertification is ultimately granted has been routinely dismissed by courts, because the decision for conditional certification "is made under a fairly lenient standard and the usual result is conditional class certification." Id. (citing Leuthold, 224 F.R.D. at 467). Thus, plaintiff contends that courts have already determined that the harm to the employee in not proceeding further with conditional certification far outweighs any harm that might befall the employer. Id. at 10-11.

Defendant replies that it has presented a question of law, not fact as plaintiff has argued. Reply at 2. Defendant asserts that the Court has not made any factual determinations, only the legal determination that the evidence produced by the parties was sufficient to establish that conditional certification may be appropriate, and that the legal question at issue is what standard a court should apply when evaluating a plaintiff's request for conditional certification. Id. Defendant further argues that plaintiff has failed to produce any evidence that the reason he and his declarants worked uncompensated overtime was due to a class-wide common policy promulgated by defendant, and that for this reason the class should not have been conditionally certified. Id. (citing England v. New Century Fin. Corp., 370 F. Supp. 2d 504, 506 (M.D. La. 2005)).

Defendant argues that courts have not interpreted the "controlling question of law" element to literally require that a certified question resolve the lawsuit entirely, and instead, a question of law may be deemed controlling if its resolution is quite likely to affect the further course of the litigation, even if it is not certain to do so. Id. at 3 (citing Sokaogon Gaming Enters. Corp. v. Tushie-Montgomery Assocs., 86 F.3d 656, 658-59 (7th Cir. 1996)). Defendant further argues that absent an interlocutory certification, this issue would entirely evade appellate review, yet it is a threshold determination made in every FLSA collective action case and Ninth Circuit guidance is needed. Id. at 6.

The Court finds that the requirements for certification of an interlocutory appeal pursuant to 29 U.S.C. 1292(b) are not met here, because the Court applied a clear,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FFMx) | Date | October 22, 2009 |
|---|---|---|---|
| Title | ARTHUR ELLERD; ET AL. v. COUNTY OF LOS ANGELES | | |

"lenient" standard to provisionally certify the collective action, and defendant may move for decertification upon the completion of discovery.  See Edwards, 467 F. Supp. 2d at 990 n.1.  As previously noted, certification for interlocutory appeal pursuant to Section 1292(b) is reserved for "exceptional circumstances."  Fukuda, 630 F. Supp. at 299.  The Court concludes that defendant has not satisfied its burden of establishing that the issues as to which interlocutory appeal is sought present the type of "exceptional circumstances" that would "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Id. (citing Coopers & Lybrand, 437 U.S. at 475).  Accordingly, the Court concludes that certification for interlocutory appeal pursuant to Section 1292(b) is not warranted under the present circumstances, and therefore DENIES defendant's motion.

## IV.    CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant's motion to certify an order for interlocutory appeal.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |