UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FEMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | ARTHUR ELLERD v. COUNTY OF LOS ANGELES | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:** (In Chambers:) CROSS MOTIONS FOR SUMMARY JUDGMENT (filed 2/10/2012)

## I.   INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

On June 30, 2008, plaintiff Arthur Ellerd ("plaintiff") filed the instant action against defendant the County of Los Angeles ("County" or "defendant").[1] Plaintiff filed a first amended complaint ("FAC") on February 9, 2009, pursuant to a stipulation between the parties. Plaintiff alleges that he was employed by the County as an Adult Protective Services ("APS") Social Worker ("social worker") from approximately June 30, 2005, through January 3, 2007 (the "Recovery Period"), and that he was "not regularly paid time and one-half of [his] rate of pay for all hours worked in excess of forty (40) hours per week during one or more work weeks" in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201–09 ("FLSA"). FAC ¶ 8.[2]

---

[1] The case was initially brought as a "collective action." In an order dated August 10, 2009, the Court granted plaintiffs' motion for conditional certification of a collective action. Dkt. No. 66. On February 17, 2011, the Court granted defendant's motion for decertification. Dkt. No. 115.

[2] A separate collective action was filed by plaintiff on behalf of himself and other social workers on February 17, 2005. See Ellerd v. County of Los Angeles, CV No. 05-1211 (Ellerd I). That case settled prior to June 23, 2005. Accordingly, the "Recovery Period" spans the period between the Ellerd I settlement and plaintiff's retirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FEMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | ARTHUR ELLERD v. COUNTY OF LOS ANGELES | | |

    Plaintiff and defendant filed cross motions for summary judgment on February 10, 2012. Dkt. Nos. 155, 158. The parties filed their respective oppositions on February 21, 2012, and filed their respective replies on February 27, 2012. Dkt. Nos. 166, 168, 173, 174. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.    BACKGROUND**

    APS is a public agency charged with ensuring, among other things, that elderly and dependent adults are safe from emotional, physical, sexual, or financial abuse, neglect, and exploitation. Plaintiff, as an APS social worker, worked on cases involving allegations of abuse or fraud upon the elderly.

    APS's official policies require employees to be compensated at one-and-a-half times the regular rate of pay per hour worked more than 40 hours in a given week. Declaration of Lorena Sanchez ("Sanchez Decl.") ¶ 11. The policies prohibit any employee from working overtime without prior approval, but the County maintains that it still pays employees for all overtime hours worked even if an employee should have obtained prior authorization but failed to do so. Id. ¶¶ 10–12, 24–25. When an employee should or could have obtained pre-approval but did not, the employee may be counseled for failing to follow the proscribed process. Id. ¶ 25. To obtain prior approval to work overtime, the social worker must, at least two days prior to commencing the proposed work, (1) state the name of the case for which overtime is requested, (2) describe the tasks that will be completed, (3) indicate where the overtime work will be performed, and (4) provide an estimate of the overtime hours needed to complete the tasks. Pl. Notice of Lodging ("PNOL") Exhs, 8, 16, 20. Overtime is available only for cases that are more than 30 days old. Id. Exh. 20.

    According to plaintiff, he worked approximately 27 hours per week of uncompensated overtime during the Recovery Period. Declaration of Arthur Ellerd ("Ellerd Decl.") ¶¶ 8, 9, 12. Plaintiff contends that his immediate supervisor, Michelle Bourret ("Bourret"), instructed plaintiff to report only his scheduled hours on his timesheets and not to record any unapproved overtime. Id. ¶ 15. Accordingly, plaintiff brought the instant action to recoup unpaid overtime.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FEMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | ARTHUR ELLERD v. COUNTY OF LOS ANGELES | | |

### III.  LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

### IV.  DISCUSSION

Congress passed the FLSA to correct and eliminate those "conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). "Under the FLSA, no employer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FEMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | ARTHUR ELLERD v. COUNTY OF LOS ANGELES | | |

shall employ any of its covered employees for a work week that is longer than 40 hours, unless that employee receives as compensation for his employment at least one and a half times the regular rate for all overtime hours." Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir. 1981) (citing 29 U.S.C. § 207(a)). "The FLSA is a remedial statute that is 'to be liberally construed to apply to the furthest reaches consistent with Congressional direction.'" Probert v. Family Centered Servs. of Alaska, Inc., 651 F.3d 1007, 1001 (9th Cir. 2011) (quoting Dent v. Cox Commc'ns Las Vegas, Inc., 502 F.3d 1141, 1146 (9th Cir. 2007)); see also 29 C.F.R. § 779.101.

In this case, the parties do not dispute that plaintiff was an "employee" of the County as defined by the FLSA or that plaintiff worked a non-*de minimis* amount of overtime during the Recovery Period. Rather, the parties focus on the following three issues: first, whether plaintiff can prove that the County had actual or constructive knowledge that he was working overtime, and if so, whether he can prove the number of overtime hours worked; second, whether plaintiff can prove that the County "willfully" violated the FLSA in order to extend its statute of limitations from two years to three years; and finally, whether plaintiff can prove that he is entitled to liquidated damages. Each issue is discussed in turn.

      **A.**    **Whether the County Had Actual or Constructive Knowledge of Plaintiff's Overtime Work, and, if so, Whether Plaintiff Is Able to Prove the Amount of Overtime Hours Worked**

"[A]n employer who knows or should have known that an employee is or was working overtime is obligated to pay overtime . . . even if the employee does not make a claim for the overtime compensation." Lindow v. United States, 738 F.2d 1057, 1060–61 (9th Cir. 1984) (internal quotation marks and citation omitted). "However, where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207." Forrester, 646 F.2d at 414.

Plaintiff argues that he is entitled to summary adjudication as to the County's actual or constructive knowledge because he "repeatedly complained to his immediate supervisor, [Bourret], regarding uncompensated overtime." Pl. Mot. at 22. According to plaintiff, Bourret "admitted to being 'concerned' that [p]laintiff was working overtime

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FEMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | ARTHUR ELLERD v. COUNTY OF LOS ANGELES | | |

without payment." Id. (quoting Bourret Depo. at 79:11–13). Plaintiff argues that Bourret's actual knowledge should be imputed to the County. Pl. Mot. at 22. Alternatively, plaintiff contends that the County had constructive knowledge because it "knew" its social workers "could not handle the caseloads it was imposing upon them without having to work overtime." Id. Plaintiff bases this assertion on a 1970s "yardstick" study conducted by the County that concluded social workers could handle only 15 new cases per week, yet plaintiff was given upwards of 25 new cases per week. Id. at 23. Moreover, plaintiff argues that the County became aware of the need for overtime in Ellerd I. Id. Finally, plaintiff asserts that the County's alleged "complete failure" to enforce its policy prohibiting unapproved overtime demonstrates constructive knowledge. Id.

The County argues that it is entitled to summary adjudication on the issue of knowledge because plaintiff has "not provide[d] specific facts establishing the amount and extent" of his overtime work; has not reported the hours on his timesheet; and bases his allegations on his "bare and sporadic recollection[]." Def. Mot. at 13 (citing White v. Starbucks Corp., 497 F. Supp. 2d 1080, 1084 (N.D. Cal. 2007), Newton v. City of Henderson, 41 F.3d 746, 749–50 (5th Cir. 1995), Singh v. City of New York, 418 F. Supp. 2d 390, 397 (S.D.N.Y. 2005), and Seever v. Carrols Corp., 528 F. Supp. 2d 159 (W.D.N.Y. 2007)). Further, defendant argues that it had no constructive knowledge based on plaintiff's caseload, and to contend otherwise is too speculative "as a matter of law." Def. Mot. at 14 (citing Newton, 41 F.3d at 748–49). Moreover, defendant contends that Bourret was not a "manager" for purposes of the FLSA, meaning her knowledge cannot be imputed to the County. Reply at 9–10. Further, defendant argues that it is impossible to know how long a particular case takes to complete, so the mere fact that plaintiff carried 20–25 cases does not mean the County was aware that plaintiff was working overtime. Def. Mot. at 15. Finally, the County contends that it could not have known of plaintiff's overtime work because he never reported the hours on his timesheet. Id. at 16. According to defendants, once Bourret learned that plaintiff was working overtime she instructed him to stop doing so and plaintiff allegedly "never mentioned it to her again." Id. at 17 (citing Bourret Depo. at 63:21–64:21).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FEMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | ARTHUR ELLERD v. COUNTY OF LOS ANGELES | | |

The Court finds that there are triable issues of fact as to whether the County had actual knowledge that plaintiff was working uncompensated overtime.[3] First, the Court rejects the County's contention that because Bourret is allegedly not a "manager" for purposes of the FLSA, her knowledge cannot be imputed to the County as a matter of law. See Def. Opp'n at 10 (citing Pforr v. Food Lion, 851 F.2d 106 (4th Cir. 1988) and Maciel v. City of Los Angeles, 569 F. Supp. 2d 1038 (C.D. Cal. 2008) for the proposition that actual knowledge of off-the-clock work by middle managers does not satisfy a plaintiff's burden of imputing actual knowledge). Rather, whether Bourret should be classified as a CSS "manager" presents a triable issue of fact. On the one hand, the evidence demonstrates that Bourret was in charge of relaying any complaints made by social workers to the County, enforcing the County's policies, disciplining social workers, and approving time cards, suggesting she maintained managerial duties. See Bourret Depo. at 31:14–24; 63:5–15. Likewise, the County's policy states that supervisors like Bourret "are charged with enforcing the Department's policies and procedures in his or her unit." Acosta Decl. ¶ 3. On the other hand, CSS's HR head has declared that supervisors like Bourret are merely "first line supervisors" who "only" supervise social workers and are not charged with managerial responsibilities. Acosta Decl. ¶ 3. Based on the conflicting evidence, the Court cannot conclude as a matter of law that Bourret was or was not a manager.[4]

---

[3]The fact that the County maintains a policy that prohibits overtime work does not shield it from liability under the FLSA. "The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." Reich v. Dept. of Conservation and Natural Res., 28 F.3d 1076, 1082 (11th Cir. 1994) (citing 29 C.F.R. § 785.13); see also Ketchum v. City of Vallejo, 523 F. Supp. 2d 1150, 1157 (E.D. Cal. 2007) ("Management has a duty to exercise its control and ensure that work it does not want performed is not performed. It cannot sit back and accept benefits from employees without compensating them.").

[4]The cases cited by the County are inapposite. In Maciel, the court observed, in dicta, that a police sergeant did not qualify as "management" for purposes of the FLSA because the LAPD's policies defined those positions as "Captains and above" and such persons were covered by a separate bargaining agreement. 569 F. Supp. 2d at 1048 n.10. Pforr, the other case on which the County relies, does not even mention the distinction between managers and supervisors for purposes of FLSA and instead involves whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FEMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | ARTHUR ELLERD v. COUNTY OF LOS ANGELES | | |

  The question then becomes whether Bourret's and plaintiff's testimony establishes that the County knew plaintiff worked overtime. Bourret testified that plaintiff orally complained to her about working overtime during the Recovery Period without being compensated for it—suggesting the County may have had imputed knowledge—but Bourret also testified that she told plaintiff to stop working overtime and could not remember whether plaintiff complained thereafter.[5] Bourret Depo. at 53:3; 54:19; 59:19–60:16; 64:2–4. Bourret further testified that she could not recall one way or another whether she told any higher-ups at APS that plaintiff had complained about working uncompensated overtime, while plaintiff maintains that he did. Id. at 60:8–10; Ellerd Decl. ¶¶ 20–22. Moreover, although Bourret expressed "concern" that plaintiff continued to work overtime after she told him to stop, it is unclear whether she actually believed or knew plaintiff continued to do so. Bourret Depo. at 79:11–13; 80:6–20. Based on this evidence, the Court cannot conclude, as a matter of law, that the County did or did not have actual knowledge of plaintiff's alleged overtime work.

  The Court also finds that there are triable issues of fact as to whether the County had constructive knowledge of plaintiff's overtime work. Plaintiff's contention that it is undisputed that the County "must have known" plaintiff could not handle his caseload without having to work overtime is, indeed, disputed by the County. For example, the County notes that plaintiff testified on multiple occasions that "[e]ach case is different" in terms of how he would approach the work and the length of time it would take to complete, and that there was no such thing as an "average" length of time he would work

---

the district court "erred in basing its finding of such a large number of off-the-clock hours on such a few incidents of employer knowledge." 851 F.2d at 109.

 [5]The County objects to Bourret's Supplemental Declaration filed in conjunction with plaintiff's reply on the ground that it contradicts her prior deposition testimony. Dkt. No. 179. However, Bourret's supplemental declaration does not appear to be an express contradiction of her deposition testimony, and it is not "a court's role in deciding a summary judgment motion [] to make credibility determinations or weigh conflicting evidence." Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998 (9th Cir. 2009). To the extent the supplemental declaration directly contradicts Bourret's deposition testimony, the Court does not rely on those portions herein and overrules the County's objections as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FEMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | ARTHUR ELLERD v. COUNTY OF LOS ANGELES | | |

on any given case. Ellerd Depo. at 40:4–19. Furthermore, the APS Program Manager Richard Franco reviewed plaintiff's case intake and contends that plaintiff was given fewer cases per month than other social workers. Declaration of Richard Franco ("Franco Decl.") ¶ 27. Franco also asserts that plaintiff "closed fewer cases per month" as compared with other social workers and rarely visited his clients. Id. Thus, the aggregate number of cases in plaintiff's caseload did not necessarily, as a matter of law, provide the County with constructive knowledge that plaintiff was forced to work overtime.

     On the other hand, the County is also not entitled to summary adjudication on this issue because the County admits that plaintiff was given 19 new cases per month on average, yet a previous study done by the County indicates that a social worker could handle only 15 new cases per month to stay within a 40 hour workweek. Deposition of Norma Nordstrom (Director of APS Field Operation from 1991–2002) ("Nordstrom Depo.") at 53:16–54:8. Additionally, the issue of uncompensated overtime work was brought to the County's attention in Ellerd I and plaintiff asserts that he continued to complain about working off-the-clock thereafter. Because there are disputed questions of material fact, and because the Court cannot make credibility determinations at this stage, summary adjudication is not warranted for either side on the issue of constructive knowledge. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."). See also Stanislaw v. Erie Indem. Co., 2012 WL 517332, *10 (W.D. Pa. Feb. 15, 2012) (concluding that "[p]laintiffs have produced sufficient evidence to create a triable issue of material fact as to whether [d]efendant had actual or constructive knowledge that [p]laintiffs were working overtime without compensation. Defendant's motion for summary judgment as to [p]laintiffs' FLSA unpaid overtime claim is therefore denied. Conversely, [d]efendant has supplied deposition testimony from [p]laintiffs' managers and supervisors denying that they ever instructed Material Damage Adjusters not to report all of their overtime . . . .Consequently, [p]laintiffs' motion for summary judgment must also be denied. Resolution of this matter is appropriately left in the hands of a jury.").

     Assuming plaintiff prevails on the question of knowledge, the issue becomes whether plaintiff has or will be able to carry his burden of proving the number of overtime hours worked during the recovery period. Plaintiff argues that he can carry his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FEMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | ARTHUR ELLERD v. COUNTY OF LOS ANGELES | | |

burden of proving the number of overtime hours worked "if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Pl. Mot. at 19 (emphasis omitted) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 688 (1946) superseded on other grounds by The Portal-to-Portal Act of 1947, 29 U.S.C. §§ 251 et seq.). Defendant, conversely, argues that plaintiff must prove the amount of time he worked off the clock with "specificity." Def. Mot. at 8–10 (relying heavily on Seever v. Carrols Corp., 528 F. Supp. 2d 159 (W.D.N.Y. 2007)).

The Court finds that it is premature to decide this issue in light of the questions of fact that exist with regards to the County's actual or constructive knowledge. For example, "if an employer has actual or constructive knowledge that its employees are not recording all of their overtime, whatever the reason for the under-reporting might be, the employee cannot sit back or stand idly by and allow the employee to under-report his time." Brennan v. Qwest Comm'ns Intern., Inc., 727 F. Supp. 2d 751, 762–63 (D. Minn. 2010). In such situations, "an employee has carried out his burden [of establishing number of off-the-clock hours worked] if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Anderson, 328 U.S. at 687. "[A] plaintiff can meet this burden 'by relying on recollection alone.'" Santillan v. Henao, --- F. Supp. 2d ---, 2011 WL 4628752, *5 (E.D.N.Y. Sept. 30, 2011) (quoting Doo Nam yang v. ACBL Corp., 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005)). Here, plaintiff has testified to the number of overtime hours worked based on his recollection. Ellerd Depo. at 92–99; 102–104; Ellerd Decl. ¶¶ 8, 9, 12. Accordingly, if it is determined that the County had actual or constructive knowledge that plaintiff was working uncompensated overtime, plaintiff will be able to testify to the number of hours worked and it will be the County's burden to refute that testimony. Anderson, 328 U.S. at 687–88 ("The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence."). However, because the question of the County's actual or constructive knowledge is for the jury to decide, it is premature to reach this issue.

In accordance with the foregoing, both parties' motions are DENIED as to the question of the County's actual or constructive knowledge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FEMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | ARTHUR ELLERD v. COUNTY OF LOS ANGELES | | |

### B. Whether Plaintiff Is Able to Prove the County Acted in Willful Violation of the FLSA

Generally, the statute of limitations for an FLSA violation is two years. 29 U.S.C. § 255(a). However, if the violation is "willful," the statute of limitations may be extended to three years. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). To establish a willful violation, the employee must prove "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Id.

For the reasons set forth above—namely, that there is a triable issue of fact as to the County's actual or constructive knowledge—the Court cannot conclude as a matter of law whether the County's alleged violations were either willful or not willful. Accordingly, both motions are DENIED as to this issue. See Stanislaw, 2012 WL 517332 at *10 ("[T]he same evidence that precludes summary judgment as to [p]laintiffs' FLSA claim also precludes summary judgment as to the issue of willfulness.").

### C. Whether Plaintiff Is Potentially Entitled to Liquidated Damages

If an employer is found liable under the FLSA, courts may exercise discretion to determine whether plaintiff should be awarded liquidated damages. 29 U.S.C. § 216(b); 29 C.F.R. § 790.22; Overnight Mot. Transp. Co. v. Missel, 316 U.S. 572, 583–84 (1942) (observing that liquidated damages under FLSA are available to compensate an employee for the delay in receiving wages due). An employer found liable can avoid liquidated damages if it demonstrates that it acted in "good faith." 29 U.S.C. § 260. The employer bears the "difficult burden" of "proving both subjective good faith and objective reasonableness, with double damages being the norm and single damages the exception." Alvarez v. IBP, Inc., 339 F.3d 894, 910 (9th Cir. 2003) (internal quotation marks and citations omitted). If the employer fails to carry this burden, "liquidated damages are mandatory." Id.

An award of liquidated damages is obviously premised on finding liability. See 29 U.S.C. § 260; Alvarez, 339 F.3d at 909. Accordingly, because there are triable issues as to liability, the Court declines to address liquidated damages at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4289 CAS (FEMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | ARTHUR ELLERD v. COUNTY OF LOS ANGELES | | |

**V.  CONCLUSION**

In accordance with the foregoing, the parties' respective motions are DENIED.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |